UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

            v.                              17 CR 229 (VSB)

PINCHAS KRUPNIK,
                                            Plea
                Defendant.

------------------------------x

                                            New York, N.Y.
                                            June 28, 2017
                                            1:10 p.m.

Before:

        HON. VERNON S. BRODERICK

                                            District Judge

            APPEARANCES

JOON T. KIM
     Acting United States Attorney for the
     Southern District of New York
STEPHANIE L. LAKE
     Assistant United States Attorney

AVRAHAM MOSKOWITZ
     Attorney for Defendant

1              (Case called)

2              THE COURT:  Good afternoon.

3              Mr. Krupnik, I have been informed that you wish to

4    plead guilty to Count Two of indictment 17 Cr. 229, which

5    charges you with possession of child pornography in violation

6    of Title 18, United States Code, section 2252(a), (a)(5)(B),

7    (b)(2), and section 2 of Title 18.  Is that correct?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Mr. Krupnik, before I accept your plea, I

10   am going to ask you certain questions so that I can establish

11   to my satisfaction that you wish to plead guilty because you

12   are in fact guilty and not for some other reason, and also to

13   establish that you know what you will be giving up by pleading

14   guilty.

15             If you don't understand any of my questions or you

16   want to take a break to speak to Mr. Moskowitz about something,

17   just let me know.  We will stop the proceedings, and either I

18   or Mr. Moskowitz will try and answer your question or I will

19   give you the time to speak to Mr. Moskowitz.  Okay?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Ms. Williams, please swear Mr. Krupnik in.

22             (Defendant sworn)

23             THE COURT:  Mr. Krupnik, you are now under oath, which

24   means that if you answer any of my questions falsely, you may

25   be prosecuted for the separate crime of perjury.  Do you

 1  understand that?

 2          THE DEFENDANT:  Yes, your Honor.

 3          THE COURT:  What is your full name?

 4          THE DEFENDANT:  Pinchas Alex Krupnik.

 5          THE COURT:  Mr. Krupnik, how old are you?

 6          THE DEFENDANT:  I'm 26.

 7          THE COURT:  How far did you get in school?

 8          THE DEFENDANT:  I have an undergraduate BS in

 9  accounting.

10          THE COURT:  Have you ever been treated or hospitalized

11  for any mental illness?

12          THE DEFENDANT:  No, your Honor.

13          THE COURT:  Are you now or have you recently been

14  under the care of a doctor or psychiatrist?

15          THE DEFENDANT:  I go to therapy once a week.

16          THE COURT:  In connection with that therapy, are you

17  currently on any medication, drugs, medicine, pills?

18          THE DEFENDANT:  Just for heartburn, your Honor.

19          THE COURT:  I take it that the heartburn medication

20  doesn't affect your ability to understand?

21          THE DEFENDANT:  No.

22          THE COURT:  Have you ever been treated or hospitalized

23  for any type of addiction, either drug or alcohol addiction?

24          THE DEFENDANT:  No.

25          THE COURT:  Have you had any alcoholic beverages in

1   the past 24 hours?

2             THE DEFENDANT:  No.

3             THE COURT:  Is your mind clear today?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  Do you understand what's happening today?

6             THE DEFENDANT:  Yes.

7             THE COURT:  Mr. Moskowitz, have you discussed this

8   matter with Mr. Krupnik?

9             MR. MOSKOWITZ:  Yes, your Honor.

10            THE COURT:  Does he understand the rights that he will

11  be waiving by pleading guilty?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Is he capable of understanding the nature

14  of these proceedings?

15            MR. MOSKOWITZ:  Yes, your Honor.

16            THE COURT:  Do either counsel have any doubt as to Mr.

17  Krupnik's competence to plead guilty at this time?

18            MS. LAKE:  No, your Honor.

19            MR. MOSKOWITZ:  No, your Honor.

20            THE COURT:  On the basis of your responses, Mr.

21  Krupnik, to my questions, my observations of you here in court,

22  and the representations of counsel, I find that you are fully

23  competent to enter an informed plea of guilty at this time.

24            Mr. Krupnik, have you received a copy of the

25  indictment in this case?

```
 1                  THE DEFENDANT:  Yes.

 2                  THE COURT:  Did you read it or was it read to you?

 3                  THE DEFENDANT:  I went over it with my lawyer.

 4                  THE COURT:  Do you waive its public reading at this

 5     time?

 6                  THE DEFENDANT:  Yes, your Honor.

 7                  THE COURT:  Have you had enough of a chance to discuss

 8     with Mr. Moskowitz the charge to which you intend to plead

 9     guilty and any possible defenses to that charge?

10                  THE DEFENDANT:  Yes.

11                  THE COURT:  Has Mr. Moskowitz explained to you the

12     consequences of entering a plea of guilty?

13                  THE DEFENDANT:  Yes, he has.

14                  THE COURT:  Are you satisfied with Mr. Moskowitz's

15     representation?

16                  THE DEFENDANT:  Yes.

17                  THE COURT:  I am going to explain to you now certain

18     constitutional rights that you have.  These are rights that you

19     will be giving up if you enter a guilty plea.  Listen

20     carefully.  As I mentioned before, if you don't understand any

21     of my questions, stop us, and we will try and explain it to you

22     more fully.  Or if you want to speak to Mr. Moskowitz about

23     some of the questions or about anything, we will take the time

24     and allow you to do that.  Okay?

25                  THE DEFENDANT:  Okay.  Thank you.
```

1          THE COURT:  It is important, actually critically

2   important, that you understand each of the questions.

3          Mr. Krupnik, under the Constitution and laws of the

4   United States, you have a right to plead not guilty to the

5   charge in the information.  Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If you were to plead not guilty, you would

8   be entitled to a speedy and public trial by a jury on the

9   charges contained in the indictment.  Do you understand that?

10         THE DEFENDANT:  Yes.

11         THE COURT:  At a trial you would be presumed innocent

12  and the government would be required to prove you guilty by

13  competent evidence beyond a reasonable doubt before you could

14  be found guilty.  Do you understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  A jury 12 people would have to agree

17  unanimously that you were in fact guilty and you would not have

18  to prove that you were innocent if you were to go to trial.  Do

19  you understand that?

20         THE DEFENDANT:  Yes.

21         THE COURT:  At a trial and at every stage of your

22  case, you are entitled to be represented by a lawyer.  If you

23  could not afford a lawyer, one would be appointed at public

24  expense -- in other words, free of charge to you -- to

25  represent you.  Do you understand that?

1        THE DEFENDANT:  Yes.

2        THE COURT:  During a trial the witnesses for the

3   government would have to come here to court and testify in your

4   presence.  Mr. Moskowitz could cross-examine the witnesses for

5   the government, object to evidence offered by the government,

6   and offer evidence on your own behalf if you so desired.  You

7   would also have the right to have subpoenas issued or other

8   process to compel people to come here and testify in your

9   defense.  Do you understand that?

10       THE DEFENDANT:  Yes, your Honor.

11       THE COURT:  At a trial, although you would have a

12  right to testify if you chose to do so, you would also have the

13  right not to testify.  If you decided not to testify, no one,

14  including the jury, could draw any inference or suggestion of

15  guilt from the fact that you did not testify.  Do you

16  understand that?

17       THE DEFENDANT:  Yes.

18       THE COURT:  Have you had a full opportunity to discuss

19  with Mr. Moskowitz whether there is a basis to seek suppression

20  of some or all of the evidence against you based on the ground

21  that your constitutional rights were violated?

22       THE DEFENDANT:  Yes.

23       THE COURT:  Do you understand that by pleading guilty

24  you are giving up your right to seek suppression of any of the

25  evidence against you?

1          THE DEFENDANT:  Yes.

2          THE COURT:  If you were convicted at trial, you would

3     have a right to appeal that verdict.  Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Even now, Mr. Krupnik, as you are entering

6     a guilty plea here, you have a right to change your mind and to

7     plead not guilty and to go to trial on the charges contained in

8     the indictment.  Do you understand that?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  If you plead guilty and I accept your

11    plea, you are going to give up your right to trial and the

12    other rights I have just discussed, other than the right to a

13    lawyer, which you have regardless of whether or not you plead

14    guilty.  But there will be no trial, and I will enter a

15    judgment of guilty and sentence on the basis of your plea after

16    I have considered a pre-sentence report and whatever

17    submissions I get from the government and Mr. Mr. Moskowitz.

18    So there will be no appeal with respect to whether the

19    government could use the evidence it has against you or with

20    respect to whether you did or did not commit this crime.  Do

21    you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  If you plead guilty, you will also have to

24    give up your right not to incriminate yourself because in a

25    moment I'm going to ask you what it is that you did that makes

1    you believe that you are guilty of the charge to which you are

2    pleading guilty.  Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Do you understand that you will have to

5    admit an acknowledge your guilt?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Do you understand each of the rights I

8    have just explained to you?

9            THE DEFENDANT:  I do.

10            THE COURT:  Mr. Krupnik, are you willing to give up

11    your right to trial and the other rights I have just discussed

12    with you?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Do you understand that you are charged

15    with possession of child pornography?

16            THE DEFENDANT:  Yes.

17            THE COURT:  AUSA Lake, would you please state the

18    elements of the offense.

19            MS. LAKE:  Yes, your Honor.  There are three elements

20    to this offense:

21            First, that the defendant knowingly possessed child

22    pornography;

23            Second, that the child pornography was transported in

24    or affecting interstate or foreign commerce; and

25            Third, that the defendant knew of the sexually

1   explicit nature of the material and that the visual depiction

2   was of an actual minor engaged in that sexually explicit

3   conduct.

4          The government also would be required to prove by a

5   fair preponderance of the evidence that venue is proper in the

6   Southern District of New York

7          THE COURT:  Mr. Krupnik, do you understand that if you

8   were to go to trial, the government would have to prove each

9   and every one of the elements the prosecutor just mentioned

10  beyond a reasonable doubt with the exception of venue?  Do you

11  understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Now I'm going to tell you what the maximum

14  penalty is for the trial to which you are pleading guilty.  The

15  maximum means that is the most that could possibly be imposed.

16  It does not mean that that is what you will necessarily

17  receive.  But you need to understand that by pleading guilty

18  you are subjecting yourself to any combination of punishments

19  up to the maximum I'm about to describe to you.  Do you

20  understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  First, I'm going to tell you about

23  restrictions on your liberty.  The maximum imprisonment for

24  this crime is 20 years' imprisonment, which must be followed by

25  at least 5 years of supervised release.  The maximum supervised

1  release term you face is life.

2              Supervised release means that when you are released

3  from prison you will be subject to the supervision of the

4  probation department.  There will be rules of supervised

5  release that you will have to follow.  If you violate those

6  rules, you can be returned to prison without a jury trial to

7  serve additional time and with no credit for the time served in

8  prison as a result of your sentence and no credit for any time

9  spent on post-release supervision.  Do you understand that?

10              THE DEFENDANT:  Yes.

11              THE COURT:  You should also understand that there is

12  no parole in the federal system so that if you are sentenced to

13  jail time, you will not be released early on parole.  There is

14  a limited opportunity to earn credit for good behavior, but you

15  will have to serve at least 85 percent of the time to which you

16  are sentenced.  Do you understand that?

17              THE DEFENDANT:  Yes.

18              THE COURT:  In addition to restrictions on your

19  liberty, there are also certain maximum financial penalties.

20  The maximum allowable fine is $250,000.  In addition, I can

21  order that you pay restitution to any person or entity injured

22  as a result of your criminal conduct.  I note from my reading

23  of your plea agreement that you have agreed to make

24  restitution.  Is that correct?

25              THE DEFENDANT:  Yes.

```
 1            THE COURT:  In addition, I can also order that you

 2   forfeit all property derived from the offense or used to

 3   facilitate the offense.  However, I understand again on the

 4   basis of your plea agreement that in lieu of forfeiture you

 5   have consented in your plea agreement to the destruction of the

 6   following property: a Dell laptop computer, a Samsung Galaxy S4

 7   cell phone, and a Samsung Galaxy S7 Edge cell phone.  Is that

 8   correct?

 9            THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  In addition, and finally I should say, I

11   must order a mandatory special assessment.  The special

12   assessment will be either $100 if you are indigent or, if you

13   are not indigent, in other words, if you are financially able,

14   it would be $5,000.  Do you understand that?

15            THE DEFENDANT:  Yes.

16            THE COURT:  Do you understand that these are the

17   maximum penalties that you face?

18            THE DEFENDANT:  I do.

19            THE COURT:  In addition to understanding the maximum

20   punishment, as I mentioned earlier, you also face the mandatory

21   minimum term of supervised release of 5 years.  Do you

22   understand that?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Mr. Krupnik, are you a United States

25   citizen?
```

1                   THE DEFENDANT:  I am.

2                   THE COURT:  Do you understand that as a result of your

3      guilty plea you may lose certain valuable civil rights to the

4      extent that you have them or could otherwise obtain them, such

5      as the right to vote, the right to hold public office, the

6      right to serve on a jury, and the right to possess any kind of

7      firearm?  Do you understand that?

8                   THE DEFENDANT:  Yes.

9                   THE COURT:  Are you serving any sentence, state or

10     federal, or being prosecuted in state court for any crime?

11                  THE DEFENDANT:  No.

12                  THE COURT:  Are you currently on parole?

13                  THE DEFENDANT:  No.

14                  THE COURT:  Do you understand that if your lawyer or

15     anyone else has attempted to predict for you what your sentence

16     would be, their prediction could be wrong?

17                  THE DEFENDANT:  Yes.

18                  THE COURT:  No one -- not your lawyer, not the

19     government's lawyer -- no one can give you any assurance of

20     what your sentence will be because I'm going to decide your

21     sentence.  As I mentioned earlier, I'm not going to do that

22     now.  I'm going to wait until I receive the pre-sentence report

23     from the probation department, do my own independent

24     calculation of the sentencing guidelines that would apply in

25     your case, consider it and any possible departures from it, as

1   well as consider the factors in Title 18, United States Code,

2   section 3553(a) to determine what an appropriate sentence would

3   be for you.  Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Have you discussed these issues with Mr.

6   Moskowitz?

7            THE DEFENDANT:  I have.

8            THE COURT:  Even if your sentence is different from

9   what your lawyer or anyone else has told you it might be, even

10  if it's different from what you expect or what is contained in

11  your plea agreement that you have with the government, you will

12  still be bound by your guilty plea and I will not allow you to

13  withdraw your guilty plea.  Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  As I mentioned, I have a copy here of a

16  letter dated June 20, 2017.

17           MS. LAKE:  Your Honor, this is the original, if you

18  would like it.

19           THE COURT:  Ms. Williams, if you could please show Mr.

20  Krupnik the document.

21           Mr. Krupnik, is that your plea agreement in front of

22  you?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Is that your signature on the last page of

25  that document?

1                  THE DEFENDANT:  It is.

2                  THE COURT:  Did you sign that document earlier today

3        in the presence of your attorney?

4                  THE DEFENDANT:  Yes.

5                  THE COURT:  Before you signed it, did you read it?

6                  THE DEFENDANT:  I did.

7                  THE COURT:  Did you discuss it with Mr. Moskowitz

8        before you signed it?

9                  THE DEFENDANT:  I did.

10                 THE COURT:  Did you fully understand it before you

11       signed it?

12                 THE DEFENDANT:  Yes.

13                 THE COURT:  Ms. Williams, if I could ask you to hand

14       the original of the plea agreement back to AUSA Lake for the

15       government to hold.

16                 Mr. Krupnik, one of the features of your agreement

17       with the government is that you agreed on the guideline range

18       that applies in your case, is that correct?

19                 THE DEFENDANT:  Yes.

20                 THE COURT:  The agreement is binding on you, it is

21       binding on the government, it is binding on Mr. Moskowitz, but

22       it is not binding on me.  As I mentioned, I have my own

23       obligation to do a sentencing calculation -- in other words, a

24       guideline calculation -- before I determine what an appropriate

25       sentence is for you.

1          I'm not saying I would come up with a different range

2   than the one the government has agreed to with you in your plea

3   agreement.  But if I do, then I will not let you withdraw your

4   plea even if the range I determine is higher than the one you

5   agreed to with the government.  Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  In your plea agreement you have waived

8   your right to appeal or otherwise challenge any sentence within

9   or below 168 to 210 months.  In other words, if I sentence you

10  to 210 months or less, you would have no right to appeal or

11  otherwise challenge that sentence.  Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Does this written plea agreement

14  constitute your complete and total understanding of the entire

15  agreement between you and the government?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Has anything been left out?

18         THE DEFENDANT:  I don't think so.

19         THE COURT:  When you read it, did you think there is a

20  sentence missing or something?

21         THE DEFENDANT:  No.

22         THE COURT:  Other than what is written in the

23  agreement, has anyone made any promise or offered you any

24  inducement to plead guilty or to sign the agreement?

25         THE DEFENDANT:  No.

1          THE COURT:  Has anyone threatened you or forced you to

2     plead guilty or to sign the plea agreement?

3          THE DEFENDANT:  No.

4          THE COURT:  Has anyone made any promise to you as to

5     what your sentence will be?

6          THE DEFENDANT:  No.

7          THE COURT:  Mr. Krupnik, we are at the point in the

8     proceeding where I'm asking you what it is that you did that

9     makes you believe that you are guilty of the offense to which

10    you wish to plead guilty.

11         THE DEFENDANT:  Between 2014 and 2016 I had possessed

12    child pornography on my computer that I got off the interstate

13    on my computer and phones.

14         THE COURT:  When you did this, were you in Manhattan,

15    the Bronx?

16         THE DEFENDANT:  Manhattan.

17         THE COURT:  When you did this, when you say you

18    possessed it, it was either with your computer or over the

19    phone?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Ms. Lake, are there any additional

22    questions you believe I should ask?

23         MS. LAKE:  Perhaps it is implied, but whether the

24    defendant knowingly possessed child pornography.

25         THE COURT:  In other words, this wasn't material that

1    was randomly sent to you; you knew that it was coming to you?

2              THE DEFENDANT:  Yes.

3              THE COURT:  You intended to possess it?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Mr. Moskowitz, do you know of any valid

6    defense that would prevail at trial or do you know of any

7    reason why Mr. Krupnik should not plead guilty at this time?

8              MR. MOSKOWITZ:  No, your Honor.

9              THE COURT:  AUSA Lake, if you could summarize what the

10   government's evidence would have been had Mr. Krupnik gone to

11   trial.

12             MS. LAKE:  Yes, your Honor.  That evidence would

13   include photographs, videos, and chats from the defendant's

14   electronic devices and online accounts, the defendant's post-

15   arrest statements, user information from online service

16   providers, and law enforcement testimony.

17             THE COURT:  Mr. Krupnik, did you hear what the

18   prosecutor just said?

19             THE DEFENDANT:  I did.

20             THE COURT:  Do you understand that with regard to all

21   of that evidence, you are waiving your right to challenge that

22   evidence?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do both counsel agree that there is a

25   sufficient factual predicate for the guilty plea?

1          MS. LAKE:  Yes, your Honor.

2          MR. MOSKOWITZ:  Yes, your Honor.

3          THE COURT:  Does either counsel know of any reason I

4   should not accept Mr. Krupnik's guilty plea?

5          MS. LAKE:  No, your Honor.

6          MR. MOSKOWITZ:  No, your Honor.

7          THE COURT:  Mr. Krupnik, because you acknowledge that

8   you are in fact guilty as charged in the indictment, in Count

9   Two of the indictment, because I'm satisfied that you know of

10   your rights, including your right to go to trial, and that you

11   are aware of the consequences of your plea, including the

12   sentence which might be imposed, and because I find that you

13   are knowingly and voluntarily pleading guilty, I'm accepting

14   your plea, and I'll enter a judgment of guilty on Count Two of

15   the indictment.

16          As I mentioned earlier, the probation department is

17   going to be preparing a pre-sentence report.  In connection

18   with that they are going to want to interview you.

19          Mr. Moskowitz, do you want to be present for that

20   interview?

21          MR. MOSKOWITZ:  Yes, your Honor.

22          THE COURT:  Mr. Krupnik, that interview will not occur

23   unless your attorney is there with you.  What I do ask, though,

24   Mr. Krupnik, is that if you speak to the probation office, that

25   anything you tell them needs to be the absolute truth.

1          In addition, I would ask that once the report is

2   prepared, you and Mr. Moskowitz will have an opportunity to go

3   over it before it is finalized.  If there are any inaccuracies,

4   if there is anything that you think should be added to the

5   report, I ask that you speak to Mr. Moskowitz about that so he

6   could raise it with the probation department in the first

7   instance and raise it with me if it is still an issue at the

8   time of your sentencing.  Okay?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  That report is one aspect.  I mentioned

11   I'm going to read the submissions of your attorney and the

12   submissions of the government.  But I'm also going to read that

13   pre-sentence report.  So it is critically important that

14   everything in there be as accurate as possible.

15          Ms. Williams, sentencing date.

16          THE CLERK:  October 6th.

17          THE COURT:  Is that around the holidays, Mr.

18   Moskowitz?

19          MR. MOSKOWITZ:  Yes, your Honor.  October 6th and

20   October 13th, Fridays in that month, are out.  Just so the

21   Court knows, I begin a trial October 2nd in state court, which

22   is probably going to run two months.  Given the fact that Mr.

23   Krupnik is at liberty, I don't have a problem doing the

24   probation report over the summer, even doing submissions or

25   beginning to prepare submissions.  I think once we get into the

 1    October period it is going to start to become difficult for me.

 2    I have no problem putting it over to late November or early

 3    December.

 4             THE COURT:  All right.

 5             THE CLERK:  November 3rd at 10 a.m.

 6             THE COURT:  Mr. Moskowitz, do you think you will still

 7    be on trial at that time?

 8             MR. MOSKOWITZ:  I probably will be.  Fridays I'm

 9    expecting we will be off.  What I would suggest, however,

10    Judge, I have a 10 o'clock sentencing in front of Judge Koeltl

11    that day.  So 11:00 even 12:00 would be fine.

12             THE COURT:  12:30 on November 3rd?

13             MR. MOSKOWITZ:  That's fine, Judge.

14             THE COURT:  I have just asked Ms. Lake if you or one

15    of your colleagues could provide the factual statement to the

16    probation office within the next two weeks.

17             MS. LAKE:  Yes, your Honor.

18             THE COURT:  Mr. Moskowitz, if you could contact

19    probation just to get a date for the interview.

20             MR. MOSKOWITZ:  Yes, I will do that.

21             THE COURT:  Thank you.  Mr. Moskowitz, my rules do

22    provide for defense submissions two weeks and the government's

23    submission one week before trial.  If you want to get them in

24    early, that's fine also.  If you could, that would be great.

25    If not if not, two weeks before trial -- I apologize.

```
1              MR. MOSKOWITZ:  Before sentencing.

2              THE COURT:  Yes.  Two weeks before sentencing.

3              Is there anything else we need to deal with today, Ms.

4      Lake?

5              MS. LAKE:  Nothing from the government.

6              MR. MOSKOWITZ:  Nothing from the defense.  Thank you.

7              THE COURT:  Mr. Krupnik, I will see you on November

8      3rd.

9              THE DEFENDANT:  Thank you, your Honor.

10             THE COURT:  Thank you.  We stand adjourned.

11             (Adjourned)
```